1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**

9                         **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MARK McLEAN SAUNDERS,                   Case No.:  15-2875 GPC (JLB)

12                              Petitioner,
                                              **REPORT AND**
13   v.                                       **RECOMMENDATION**
                                              **DENYING PETITION FOR WRIT**
14   RON RACKLEY, Warden, et al.,             **OF HABEAS CORPUS; and**

15                            Respondents.
                                              **ORDER: (1) DENYING REQUEST**
16                                            **FOR EVIDENTIARY HEARING;**
                                              **(2) DENYING REQUEST FOR**
17                                            **APPOINTMENT OF COUNSEL;**
                                              **and (3) DENYING REQUEST FOR**
18                                            **DISCOVERY**
19

20   **I.      INTRODUCTION**

21          Petitioner Mark McLean Saunders, a state prisoner proceeding pro se, has filed an

22   Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Amended

23   Petition" or "Am. Pet.") challenging the denial of his Proposition 36 petition.  (Am. Pet.,

24   ECF No. 7.)[1]  Saunders raises four claims in the Petition he has filed in this Court.

25   / / /

26

27   _____

28   [1] Page numbers for docketed materials cited in this Report and Recommendation refer to those imprinted
     by the Court's electronic case filing system, except for lodgments.

The Court has read and considered the Amended Petition, the Answer and Memorandum of Points and Authorities in Support of the Answer ("Answer") [ECF No. 11], the Traverse ("Traverse") [ECF No. 16], the lodgments and other documents filed in this case, and the legal arguments presented by both parties.  For the reasons discussed below, the Court **RECOMMENDS** the Petition be **DENIED**.  Further, the Court **ORDERS** the request for evidentiary hearing, the request for appointment of counsel, and the request for discovery be **DENIED**.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1) (West 2006); *see also Parle v. Fraley*, 506 U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from these facts, are entitled to statutory presumption of correctness). The state appellate court recited the factual and procedural history of this case as follows:

> In 1987, Saunders was convicted of three counts of vehicular manslaughter (§ 192, subd. (c)(4)).  In 2005, Saunders was convicted of driving under the influence with a prior vehicular manslaughter conviction (Veh. Code, §§ 23152, subd. (a); 23626; 23540) and failing to appear while on bail (§ 1320.5).  He admitted three prior serious/violent felony (strike) convictions (§ 667, subds. (b)-(i)).  In 2005, Saunders was sentenced to two consecutive terms of 25 years to life.
>
> In February 2014, the trial court denied Saunders' petition to modify his sentence because the nature of his strike priors rendered him ineligible under section 1170.126, subdivision (e)(3).
>
> Saunders has filed a timely notice of appeal.
>
> Saunders contends his prior convictions for vehicular manslaughter were neither "serious" nor "violent" and thus he was eligible for resentencing under section 1170.126.  He also claims his counsel was ineffective for failing to raise this issue in the trial court.

(Lodgment No. 6 at 2.)

## III.   **DISCUSSION**

Saunders raises four grounds in his Petition.  In ground one he contends his prior 1987 conviction for Penal Code § 192(c)(4) does not make him ineligible for resentencing under California's Proposition 36 and that he was denied his right to a fair hearing under Proposition 36.  He also claims the plea agreement he entered into in 1987 has been violated.  (Am. Pet. at 16-25.)  In ground two, Saunders argues that California Penal Code (Penal Code) §§ 667.5(c) and 1192.7, which define "serious" and "violent" felonies that render a convicted offender ineligible for resentencing under Proposition 36, do not include his prior 1987 offense.  (*Id.* at 26-32.)  Saunders also claims Penal Code §§ 667.5(c) and 1192.7 are unconstitutionally vague and violate the Equal Protection Clause of the Federal Constitution.  In addition, he requests an evidentiary hearing.  (*Id.*)  In ground three, Saunders argues that the nature of a convicted offender's prior conviction, for purposes of a Proposition 36 resentencing hearing, must be determined at the time of resentencing, not at the time of the original conviction.  (*Id.* at 33-38.)  Saunders also asks this Court to permit "discovery under Rule 6(b) and to appoint counsel under 18 U.S.C. § 3006A."  (*Id.* at 35.)  Finally, in ground four, Saunders contends his counsel at the Proposition 36 resentencing hearing was ineffective.  (*Id.* at 39-42.)

Respondent contends claims one through three do not state a federal question. (Answer at 4-5.)  Respondent does not address Saunders' contentions that the statutes at issue are vague and violate equal protection, nor his requests for discovery, an evidentiary hearing, or appointment of counsel.  As to Saunders' ineffective assistance of counsel claim, Respondent argues it is meritless.  (*Id.* at 5-7.)

Because Saunders' grounds contain multiple claims which overlap and contain subclaims, the Court has divided the claims into the following categories: (1) claims based on state law; (2) due process violation; (3) violation of Saunders' 1987 plea agreement; (4) violation of the "void for vagueness" doctrine; (5) equal protection; and / / /

(6) ineffective assistance of counsel.  The Court also addresses Saunders' request for discovery, appointment of counsel, and an evidentiary hearing.

B.   *Standard of Review*

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002).  In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable.  *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts.  *See Bell v. Cone*, 535 U.S. 685, 694 (2002).  The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case.  *Id*.  Additionally, the "unreasonable application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable."  *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  The Court may also grant relief if the state court's decision was based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d)(2).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the last reasoned state court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (*overruled on other grounds by Andrade*, 538 U.S. at 75-76); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). However, a state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *See Early*, 537 U.S. at 8. "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" *id*., the state court decision will not be "contrary to" clearly established federal law. *Id*. Clearly established federal law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Andrade*, 538 U.S. at 72.

C. *State Law Claims (subclaims of grounds one, two and three)*

Proposition 36, the Three Strikes Reform Act, passed by California voters in 2012, "created a recall and resentencing procedure for eligible defendants serving a life sentence under the Three Strikes law whose offense of conviction was not serious or violent." *California Criminal Law Procedure and Practice*, 1064 (Nancy Yuenger, ed., 2015). In 2014, Saunders filed a petition for resentencing under Proposition 36 entitled "Memorandum in Support of Three Strikes Lifer Sentence Recall" in San Diego Superior Court. (Petr's Ex. C, ECF No. 7 at 54-65.) In it, he contended he was eligible for resentencing under Proposition 36 for his 2005 conviction because he did not have any serious or violent prior convictions. (*Id*.) Following a hearing, the court denied the petition, concluding that Saunders' 1987 convictions for vehicular manslaughter rendered him ineligible for resentencing under Proposition 36. (Lodgment No. 1.)

/ / /

In grounds one, two and three of Saunders' federal petition, he claims: (1) his 1987 conviction for Penal Code § 192(c)(4) does not make him ineligible for resentencing under Proposition 36; (2) Penal Code §§ 667.5(c) and 1192.7, which define "serious" and "violent" felonies for purposes of resentencing under Proposition 36, do not include his 1987 offense; and (3) the nature of a convicted offender's prior conviction, for purposes of a Proposition 36 resentencing hearing, must be determined at the time of resentencing, not at the time of the original conviction.  (Am. Pet. at 1-39.)  Saunders raised these same claims in the petition for review he filed in the California Supreme Court.  (Lodgment No. 9.)  The state supreme court denied the petition without citation of authority. (Lodgment No. 10.)  Thus, this Court must "look through" to the state appellate court's opinion denying the claims as the basis for the state supreme court's analysis.  *Ylst*, 501 U.S. at 805-06.  The California Court of Appeal wrote:

> [Saunders'] 1987 convictions were for three counts of vehicular manslaughter under section 192, subdivision (c)(4).  The parties agree that since 1987, the Legislature renumbered section 192, subdivision (c)(4) as section 191.5, subdivision (b). [Footnote No. 2:  Section 191.5, subdivision (b) provides:  "Vehicular manslaughter while intoxicated is the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of Section 23140, 23152 or 23153 of the Vehicle Code, and the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, but without gross negligence, or the proximate result of a lawful act that might produce death, in an unlawful manner, without gross negligence."]

> Returning to the statutory definition of which persons are ineligible for resentencing, section 1170.126, subdivision (e) provides in part:  "An inmate is eligible for resentencing if:  [¶] . . . [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of paragraph (C) of paragraph (2) of subdivision (e) of section 667 or clause (iv) of paragraph (2) of section 1170.12."

/ / /

/ / /

/ / /

Section 667, subdivision (e)(2)(C) provides in part:

"If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced pursuant to paragraph (1) of subdivision (e) unless the prosecutor pleads and proves any of the following:  [¶] . . . [¶] (iv) The defendant suffered a prior serious and/or violent felony conviction, as defined in subdivision (d) of the section, for any of the following felonies:  [¶] . . . [¶] (IV) Any homicide, including any attempted homicide, defined in section 187 to 191.5, inclusive."

Saunders acknowledges this section but argues essentially that we should ignore it because of his various arguments that vehicular manslaughter is neither "serious" nor "violent" because the underlying conduct leading to the unlawful killing does not amount to a felony.

. . . .

As we have noted, Proposition 36 has both a prospective and retrospective feature.  The statute with regard to resentencing has undertaken to define various types of inmates who, notwithstanding their current offense, are not eligible for relief under the act.  The language of section 1170.126 subdivision (e)(3) is absolutely clear, inmates convicted of a homicide offense, including section 191.5, are not eligible for resentencing under the act.  Further, when Saunders was convicted of the current offense he admitted that the three vehicular manslaughter convictions were qualifying strikes under section 667, subdivisions (b) through (i).  He did not challenge the nature of his strike priors in the appeal from his 2005 convictions and sentence (*People v. Saunders* (Feb. 27, 2007, D047541) [nonpub. opn.]).  We agree with the People, Saunders should not be heard now to contend the prior convictions did not qualify as either serious or violent.  (*People v. Bow* (1993) 13 Cal.App.4th 1551, 1558.)

/ / /

/ / /

1
2

> In any event, the statute plainly establishes that prior convictions for violation of section 191.5 (previously § 192) are disqualifying for purposes of resentencing under Proposition 36.

3
4

> The trial court correctly denied the petition.

5

(Lodgment No. 6 at 4-6.)

6       Saunders' contentions that 1) his 1987 conviction for Penal Code § 192(c)(4) does

7   not make him ineligible for resentencing, 2) Penal Code §§ 667.5(c) and 1192.7 do not

8   include his 1987 offense, 3) the nature of a convicted offender's prior conviction, for

9   purposes of a Proposition 36 resentencing hearing, must be determined at the time of

10  resentencing concern the state court's interpretation and application of state sentencing

11  law.  A state court's application of its own sentencing laws, such as the application of

12  Proposition 36 in Saunders' case, does not generally present a federal constitutional

13  question. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that federal habeas

14  relief is not available for alleged violations of state law); *see also* 28 U.S.C. § 2254(a);

15  *Miller v. Vasquez*, 868 F.3d 1116, 1117-18 (9th Cir. 1989).  "Absent a showing of

16  fundamental unfairness, a state court's misapplication of its own sentencing laws does

17  not justify federal habeas relief."  *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

18  As long as a sentence "is not based on any proscribed federal grounds such as being cruel

19  and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for

20  a violation of state statutes are matters of state concern."  *Makal v. State of Arizona*, 544

21  F.2d 1030, 1035 (9th Cir. 1976).  As discussed below in Section III(D) of this Report and

22  Recommendation, the state courts' adjudication of Saunders' Proposition 36 petition was

23  not fundamentally unfair, but rather was consistent with applicable state law.  Thus, as to

24  Saunders' claims that his 1987 conviction is not listed as a disqualifying offense for

25  resentencing under Proposition 36, that his prior conviction is not a "serious" or "violent"

26  felony under California law, that the nature of a prior conviction and whether it renders

27  him ineligible for resentencing under Proposition 36 is to be determined at the time of the

28  resentencing hearing are not cognizable on federal habeas review because they do not

allege a violation of federal constitutional law.  He is not entitled to relief as to those claims.

### D.  *Due Process (subclaim of ground one)*

As part of ground one, Saunders contends his Proposition 36 hearing violated his federal due process rights because information about his prior conviction was not presented.  (Am. Pet. at 19-20.)

Habeas petitioners who wish to challenge their state court convictions must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c);  *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  Ordinarily, to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).  This claim is not exhausted, as it does not appear in the petition for review filed in the California Supreme Court.  (Lodgment No. 9.)  This Court may nevertheless deny the petition if it is "perfectly clear that the applicant does not raise even a colorable federal claim."  *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).

A habeas petitioner may be entitled to habeas corpus relief if he can show that "an alleged state sentencing error was so arbitrary and capricious as to constitute an independent due process violation," *Richmond v. Lewis*, 506 U.S. 40, 50 (1992), and thus Saunders does state a federal constitutional claim as to his contention that he was denied his right to a fair hearing under Proposition 36.

Saunders' claim, however, fails on the merits.  The state appellate court's analysis of Saunders' claim was not arbitrary or capricious.  In 1987, Saunders was charged with three counts of former Penal Code § 192(c)(3), vehicular manslaughter while intoxicated and with gross negligence.  Former Penal Code § 192(c)(3) defines vehicular manslaughter while intoxicated without gross negligence as follows:

> Driving a vehicle in violation of Section 23152 or 23153 of the
> Vehicle Code and in the commission of an unlawful act, not amounting to

felony, and with gross negligence; or driving a vehicle in violation of
Section 23152 or 23153 of the Vehicle Code and in the commission of a
lawful act which might produce death, in an unlawful manner, and with
gross negligence.

Former Penal Code § 192(c)(3) (West 1984).

Saunders entered into a plea agreement and pleaded guilty to three counts of
former Penal Code § 192(c)(4), vehicular manslaughter while intoxicated without gross
negligence.  Former Penal Code § 192(c)(4) reads as follows:

Driving a vehicle in violation of Section 23152 or 23153 of the
Vehicle Code and in the commission of an unlawful act, not amounting to
felony, but without gross negligence; or driving a vehicle in violation of
Section 23152 or 23153 of the Vehicle Code and in the commission of a
lawful act which might produce death, in an unlawful manner, but without
gross negligence.

Former Penal Code § 192(c)(4) (West 1984).

Thus, Saunders' plea agreement reduced the charges he pled to from vehicular
manslaughter while intoxicated with gross negligence to vehicular manslaughter while
intoxicated without gross negligence.  In 2005, former Penal Code § 192(c)(4) was
renumbered as § 191.5(b).  Penal Code § 191.5(b) reads as follows:

(b) Vehicular manslaughter while intoxicated is the unlawful killing
of a human being without malice aforethought, in the driving of a
vehicle, where the driving was in violation of Section 23140, 23152, or
23153 of the Vehicle Code, and the killing was either the proximate
result of the commission of an unlawful act, not amounting to a felony,
but without gross negligence, or the proximate result of the commission
of a lawful act that might produce death, in an unlawful manner, but
without gross negligence.

Penal Code § 191.5(b) (West 2011).

Former Penal Code § 192(c)(4) and current Penal Code § 191.5(b) prohibit the
same conduct and contain the same elements of the offense: (1) killing a human being;
(2) while driving a vehicle; (3) while intoxicated in violation of the California Vehicle

Code § 23152 or § 23153; (4) and while committing an unlawful act not amounting to a felony or a lawful act in an unlawful manner; and (5) without gross negligence.  As the state court noted, Penal Code 191.5(b) is specifically listed as an offense which renders a petitioner ineligible for resentencing under Proposition 36.  *See* Penal Code §§ 1170.126(e) and 667(e)(2)(C).  Accordingly, the state court's conclusion that Saunders' conviction for Penal Code § 192(c)(4), which is the same crime as Penal Code § 191.5(b), makes him ineligible for resentencing was not arbitrary or capricious.  The state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. *Williams*, 529 U.S. at 412-13.  Nor was it based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d)(2).  He is not entitled to relief as to this claim.

E.  *Violation of Saunders' 1987 Plea Agreement (subclaim of ground one)*

Saunders also contends his 1987 plea agreement was violated because it did not specifically designate his convictions as "serious" or "violent" and his convictions were later deemed to be "serious" or "violent" for purposes of the Three Strikes sentencing law.  (Am. Pet. at 20-24.)  This claim does not appear in the petition for review filed in the California Supreme Court.  (Lodgment No. 9.)  Thus, like the preceding claim, it is not exhausted.  *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34; *Johnson*, 88 F.3d at 829.   This Court may nevertheless deny the petition if it is "perfectly clear that the applicant does not raise even a colorable federal claim."  *Cassett*, 406 F.3d at 624.

The Supreme Court has held that "once a state court conviction is no longer open to direct or collateral attack in its own right," it is presumed valid, and "[if] that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."  *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001).  The majority in *Lackawanna* identified an exception to this rule, when the prior conviction was obtained without the defendant being represented by counsel.  *Id*. at 404.  A plurality of Justices also identified two other

11

possible exceptions – where a state court, "without justification, refuse[s] to rule on constitutional claim that has been properly presented to it," and where "after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Id.* at 405.  The Ninth Circuit has since recognized the validity of the first possible exception identified by the *Lackawanna* plurality. Specifically, the Ninth Circuit held a habeas corpus petitioner could challenge the use of one of his prior convictions to enhance his sentence under the Three Strikes Law where the state appellate court had previously summarily denied his claim for relief as to the earlier conviction, without reaching the merits, because it had erroneously found that he was not "in custody" for purposes of seeking habeas relief.  *Durbin v. People of the State of California*, 720 F.3d 1095, 1098 (9th Cir. 2013).

Saunders has not established he qualifies for any of the exceptions to the general rule of *Lackawanna*.  Saunders was represented by counsel at his 1987 conviction. (Petr's Ex. A, ECF No. 7.)  He has provided no evidence that he was prevented from obtaining timely review of his constitutional challenge to this 1987 conviction, and he has provided no evidence of his actual innocence of the crimes of which he was convicted in 1987.

Even if Saunders could challenge his 1987 conviction on grounds his plea agreement was violated, his claim fails on the merits.  "Plea agreements are contractual in nature and are measured by contract law standards."  *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993).  The Due Process Clause of the federal Constitution confers on a defendant the right to enforce the terms of a plea agreement.  *Brown v. Poole*, 337 F.3d 1155, 1159 (9th Cir. 2003).  "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."  *Santobello v. New York*, 404 U.S. 257, 262 (1971).

/ / /

Saunders has not established his 1987 plea agreement included a promise his convictions would never be used as serious or violent felonies to enhance a future sentence.  Saunders has attached the plea form he signed in his 1987 vehicular manslaughter convictions.  (Petr's Ex. A, ECF No. 7 at 45-48.)  While the plea form does not contain an indication the vehicular manslaughter convictions he pleaded guilty to are "serious" or "violent" crimes, there is also nothing on the plea form indicating the prosecutor promised Saunders the convictions would never be subject to changes in the law that would designate the convictions as "serious" or "violent."  At its heart, Saunders' assertion that the 1987 plea agreement was breached rests on an argument that the prosecutor promised him state law would not change and that, if it did, the law would not be applied to him.  There is no evidence such a promise was made, or that a prosecutor would have the authority to make such a promise.  Accordingly it is perfectly clear that the applicant does not raise even a colorable federal claim and therefore Saunders is not entitled to relief as to this claim.

### F.  *Vagueness (subclaim of ground 2)*

Saunders also contends Penal Code §§ 667.5, 1192.7, and 1170.126 are unconstitutionally vague.  (*See* Am. Pet. at 29-32.)  This claim does not appear in the petition for review filed in the California Supreme Court.  (Lodgment No. 9.)  Thus, like the preceding two claims, it is not exhausted.  *See* 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34; *Johnson*, 88 F.3d at 829.   This Court may nevertheless deny the petition if it is "perfectly clear that the applicant does not raise even a colorable federal claim."  *Cassett*, 406 F.3d at 624.

"The Fifth Amendment provides that '[n]o person shall ... be deprived of life, liberty, or property, without due process of law.'  Our cases establish that the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement."  *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2552, 2556 (2015), citing *Kolender v. Lawson*, 461

U.S. 352, 357-58 (1983).  Thus, in order to avoid a claim of unconstitutional vagueness, "[a] penal statute [must] define the criminal offense (1) with sufficient definiteness that ordinary people can understand what conduct is prohibited and (2) in a manner that does not encourage arbitrary and discriminatory enforcement."  *Skilling v. United States*, 561 U.S. 358, 402-03 (2010) (alterations in original) (quotations marks omitted); *Shumate v. Newland*, 75 F. Supp. 2d 1076, 1085 (N.D. Cal. 1999).  In *Kolender*, the Court stated:

> As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Village of Hoffman Estates v. Flipside*, 455 U.S. 489, 102 S. Ct. 1186, 71 L.Ed.2d 362 (1982); *Smith v. Goguen*, 415 U.S. 566, 94 S. Ct. 1242, 39 L.Ed.2d 605 (1974); *Grayned v. City of Rockford*, 408 U.S. 104, 92 S. Ct. 2294, 33 L.Ed.2d 222 (1972); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S. Ct. 839, 31 L.Ed.2d 110 (1972); *Connally v. General Construction Co.*, 269 U.S. 385, 46 S. Ct. 126, 70 L.Ed. 322 (1926). Although the doctrine focuses both on actual notice to citizens and arbitrary enforcement, we have recognized recently that the more important aspect of vagueness doctrine "is not actual notice, but the other principal element of the doctrine – the requirement that a legislature establish minimal guidelines to govern law enforcement." *Smith*, *supra*, 415 U.S. at 574, 94 S. Ct. at 1247–1248. Where the legislature fails to provide such minimal guidelines, a criminal statute may permit "a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections." *Id.*, at 575, 94 S. Ct. at 1248.[7]

*Kolender*, 461 U.S. at 357-58.

The statutes at issue here are nothing like the statute declared unconstitutionally vague in *Kolender*.  The statute at issue in *Kolender* required loiterers to provide "credible and reliable" identification and "account for their presence" when asked by a police officer.  *Kolender*, 461 U.S. at 357.  Because the statute gave "full discretion . . . to the police to determine whether the suspect has provided a 'credible and reliable' identification" and "encourage[ed] arbitrary enforcement by failing to describe with sufficient particularity what a suspect must do in order to satisfy the statute," the statute was deemed unconstitutionally vague.  *Id.* at 360-61.  In contrast, Penal Code §§ 667.5,

14

1192.7, and 1170.126 do not give discretion to determine what conduct violates the statute.  Penal Code § 667.5(c) defines violent felonies and Penal Code § 1192.7 defines serious felonies.  While Saunders is correct that neither of those provisions include Penal Code § 191.5 in their definitions, Penal Code § 1170.126, which codifies the recall and resentencing procedure for those eligible under Proposition 36, states that an inmate is eligible for resentencing under Proposition 36 only if "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 . . . ."  Penal Code § 1170.126(e)(3).  Penal Code § 667(e)(2)(C)(iv)(IV) specifically lists Penal Code § 191.5 as an offense that renders a defendant ineligible for resentencing under § 170.126.  Penal Code § 667(e)(2)(C)(iv)(IV).  Moreover, Penal Code § 1170.126 does not give police, prosecutors, or the court discretion as to what conduct renders a petitioner ineligible for resentencing under Proposition 36.

There is nothing vague about the applicable statutes.  Saunders is not entitled to relief as to this claim.

G. *Equal Protection (subclaim of ground 2)*

Saunders also contends the denial of his Proposition 36 petition violates the Equal Protection Clause of the Federal Constitution.  (Am. Pet. at 29.)  This claim does not appear in the petition for review filed in the California Supreme Court.  (Lodgment No. 9.)  Thus, like the preceding three claims, it is not exhausted.  *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34; *Johnson*, 88 F.3d at 829.   This Court may nevertheless deny the petition if it is "perfectly clear that the applicant does not raise even a colorable federal claim."  *Cassett*, 406 F.3d at 624.

An equal protection claim is analyzed as follows:

> The Equal Protection Clause does not require identical treatment; rather, it "guarantees that the government will not classify individuals on the basis of impermissible criteria."  *Coal. for Econ. Equity v. Wilson*, 122 F.3d 692, 702 (9th Cir. 1997).  Because "legislative classifications as a general rule are presumptively valid under the Equal Protection Clause,'

we ordinarily must uphold a legislative classification if it is "'rationally related to a legitimate state interest.'" *Id.* (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440, 105 S. Ct. 3249, 87 L.Ed.2d 313 (1985)).

Certain exceptions to that general rule trigger heightened judicial scrutiny. If the classification targets a suspect class or burdens the exercise of a fundamental right, we apply strict scrutiny and ask whether the statute is narrowly tailored to serve a compelling governmental interest. *Wright v. Incline Vill. Gen. Improvement Dist.*, 665 F.3d 1128, 1141 (9th Cir. 2011). If a law discriminates against a quasi-suspect class, it is subject to intermediate scrutiny; to survive a constitutional challenge, such discrimination must substantially relate to an important governmental objective. *Latta v. Otter*, 771 F.3d 456, 479-80 (9th Cir. 2014), *petitions for cert. filed*, 83 U.S.L.W. 3589 (U.S. Dec. 30, 2014) (No. 14-765), (U.S. Jan. 2, 2015) (No. 14-788), and (U.S. Apr. 9, 2015) (No. 141214).

*Seeboth v. Allenby*, 789 F.3d 1099, 1104 (9th Cir. 2015).

The statute at issue is presumptively valid because it does not target a suspect class, such as race, or quasi suspect class, such as gender. Accordingly, because the statute is rationally related to the legitimate government interest of sentencing defendants who are repeat offenders with serious or violent prior convictions more severely than those who do not, it is a valid exercise of government authority. *See id.* There is no equal protection violation. Saunders is not entitled to relief as to this claim.

H. *Ineffective Assistance of Counsel (ground 4)*

In ground four, Saunders contends his counsel at the Proposition 36 hearing was ineffective because when asked by the judge whether she had any evidence or argument to present in support of the petition, she said "We would submit to the Court on this issue." (Lodgment No. 1 at 4.) Saunders raised this claim in the petition for review he filed in the California Supreme Court. (Lodgment No. 9.) The California Supreme Court denied the petition without citation of authority. (Lodgment No. 10.) Thus, this Court must "look through" to the state appellate court's opinion denying the claim as the basis for its analysis. *Ylst*, 501 U.S. at 805-06. That court stated that because Saunders' claims

failed on the merits, it was unnecessary to address the ineffective assistance of counsel claim.  (Lodgment No. 6 at 2.)

In order to prevail on an ineffective assistance of counsel claim, Saunders must establish that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  He must also show he was prejudiced by counsel's errors by establishing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   *Id*. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).  "The standards created by *Strickland* and section 2254(d) are both highly deferential and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted).  These standards are "difficult to meet" and "demand[] that state court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  Federal habeas relief functions as a "guard against extreme malfunctions in the state criminal justice systems," and not simply as a means of error correction. *Richter*, 562 U.S. at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979).)  "Representation is constitutionally ineffective only if it 'so undermined the proper functioning of the adversarial process' that the defendant was denied a fair trial." *Strickland*, 466 U.S. at 687.

Saunders contends counsel should have argued that he was eligible for resentencing under Proposition 36 because his prior convictions are not "serious" or "violent" under California law.  (Am. Pet. at 39-42.)  Even if the Court assumes counsel should have so argued, Saunders has not established he was prejudiced by counsel's alleged errors. *Strickland*, 466 U.S. at 694.  As discussed above in Section III(D) of this Report and Recommendation, Penal Code § 192(c)(4), which Saunders pleaded guilty to, and § 191.5(b), a statute included among those which render a person statutorily ineligible for resentencing under Proposition 36, prohibit the same conduct and contain

the same elements of the offense.  Penal Code § 192(c)(4) was simply renumbered as Penal Code § 191.5(b).  *See* Penal Code §§ 1170.126(e) and 667(e)(2)(C).  There is no reasonable likelihood that the state court judge hearing Saunders' Proposition 36 petition would have granted it had counsel argued more forcefully for Saunders.  *Id.*  Indeed, the arguments made by Saunders, which Saunders contends counsel should have raised at the hearing on his Proposition 36 hearing, were rejected by the California Appellate Court and the California Supreme Court in Saunders' case.  (Lodgment Nos. 6, 10.)

The state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law.  *Williams*, 529 U.S. at 412-13.  Nor was it based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d)(2).  Saunders is not entitled to relief as to this claim.

I.  *Request for Discovery, Appointment of Counsel, and Evidentiary Hearing*

On page 35 of his Amended Petition, Saunders asks for discovery and for this Court to appoint counsel.  (Am. Pet. at 35.)   Rules 6 and 7 of the Rules following 28 U.S.C. § 2254 provide for discovery in habeas cases.  Rule 6(a) entitles litigants "to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his [or her] discretion and for good cause shown grants leave to do so, but not otherwise."  Rule 6(a), 28 U.S.C. foll. § 2254.  Rule 7 empowers the Court to order the production of documentary evidence independent of adversarial hearing and at any stage of habeas review.  *See* Rule 7, 28 U.S.C. foll. § 2254.  However, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course."  *Bracy v. Bramley*, 520 U.S. 899, 904 (1997).  In order to be entitled to discovery, a petitioner must make specific factual allegations that demonstrate good cause to believe that the petitioner may, through discovery, be able to garner sufficient evidence to entitle him to relief.  *See id.* at 908-09.  Saunders has not specifically stated what discovery he seeks or how discovery would assist him in establishing he is entitled to relief under 28 U.S.C. § 2254.  Accordingly, the Court **DENIES** Petitioner's motion for discovery.

Saunders also asks that counsel be appointed.  The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners.  *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'"  18 U.S.C. § 3006A(a)(2)(B) (West Supp. 2005); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).  The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition.  *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; Rule 8(c), 28 U.S.C. foll. § 2254.  The appointment of counsel is discretionary when no evidentiary hearing is necessary.  *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728.  As discussed below, Saunders is not entitled to an evidentiary hearing, and thus the Court must exercise its discretion.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728-29.  Here, Saunders has sufficiently represented himself to date.  He has a good grasp of this case and the legal issues involved.  Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice.  *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).  Accordingly, the Court finds that the interests of justice do not require the appointment of counsel, and Saunders' request for appointment of counsel is therefore **DENIED**.

Saunders also asks for an evidentiary hearing.  (Am. Pet. at 31.)  Evidentiary hearings in § 2254 cases are governed by AEDPA, which "substantially restricts the district court's discretion to grant an evidentiary hearing."  *Baja v. Ducharme*, 187 F.3d

/ / /

1075, 1077 (9th Cir. 1999).  The provisions of 28 U.S.C. § 2254(e)(2) control this

decision:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
>> (A) the claim relies on –
>>
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>>
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.A. § 2254(e)(2) (West 2006).

In order to determine whether to grant an evidentiary hearing, the court must first "determine whether a factual basis exists in the record to support the petitioner's claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 669 (9th Cir. 2005) (citing *Baja*, 187 F.3d at 1078).  If not, the court must "ascertain whether the petitioner has 'failed to develop the factual basis of the claim in State court.'"  *Id*. at 669-70.  A failure to develop the factual basis of a claim in state court implies "some lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."  *See Williams v. Taylor*, 529 U.S. 420, 432 (2000).  The Supreme Court has said that "[d]iligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law."  *Id*. at 437.

Pursuant to *Pinholster*, Saunders is limited to the facts presented to the state court. In *Pinholster*, the Supreme Court held that where habeas claims have been decided on

their merits in state court, a federal court's review must be confined to the record that was before the state court. *Pinholster*, 563 U.S. at 181-82. Saunders can only proceed to develop additional evidence in federal court if either § 2254(d)(1) or (d)(2) is first satisfied. *See Sully v. Ayers*, 725 F.3d 1057, 1076 (9th Cir. 2013) (stating that "an evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief" and citing *Pinholster*, 563 U.S. at 203, n. 20). Neither § 2254(d)(1) or (d)(2) have been satisfied here for all the reasons discussed above. Accordingly, Saunders' request for an evidentiary hearing is **DENIED**.

## IV.   **CONCLUSION**

The Court submits this Report and Recommendation to United States District Judge Gonzalo P. Curiel under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

**IT IS HEREBY RECOMMENDED** that the Court issue an order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **DENYING** the Petition for Writ of Habeas Corpus.

In addition, **IT IS HEREBY ORDERED** that Petitioner's request for discovery, request for appointment of counsel, and request for an evidentiary hearing are **DENIED**.

**IT IS ORDERED** that no later than **January 3, 2017** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 17, 2017**. The parties are advised that failure to file objections within the specified time may waive the right to

/ / /

/ / /

/ / /

/ / /

/ / /

1    raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d
2    449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).
3        **IT IS SO ORDERED.**
4    Dated:  December 12, 2016

5
6                                                    Hon. Jill L. Burkhardt
                                                     United States Magistrate Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

15-2875 GPC (JLB)