UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK McLEAN SAUNDERS,<br><br>                              Petitioner,<br><br>v.<br><br>RON RACKLEY, Warden, et al.,<br><br>                              Respondent. | Case No.: 3:15-cv-02875-GPC-JLB<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HEABEAS CORPUS** |

On January 22, 2016, Petitioner Mark McLean Saunders ("Petitioner"), a state prisoner proceeding *pro se*, filed an Amended Petition for a Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254.[1] Dkt. No. 7. Petitioner challenges the California Court of Appeals' denial of his Proposition 36 resentencing eligibility. *Id.* at 1. On March 17, 2016, Respondent filed an Answer. Dkt. No. 11. On April 25, 2016, Petitioner filed a Traverse. Dkt. No. 16. On December 12, 2016, Magistrate Judge Burkhardt issued a Report and Recommendation recommending this Court deny the Petition. Dkt. No. 17 at 1-2.[2] Petitioner did not file an Objection. After a thorough review of the documents submitted, trial record, and applicable law, this Court **ADOPTS**

---

[1] Petitioner filed his original petition on December 18, 2015. Dkt. No. 1.
[2] Page numbers are based on CM/ECF pagination

1

the Magistrate Judge's Report and Recommendation, **DENIES** the Petition for a Writ of Habeas Corpus, and **DENIES** a Certificate of Appealability.

## I. FACTUAL BACKGROUND

### A. The Three Strikes Reform Act

The Three Strikes Reform Act of 2012 ("Reform Act") amended the three strikes law such that third-strike defendants whose third strike is not for a serious or violent felony will receive a second-strike sentence of twice the term otherwise provided for the current felony, rather than receive an indeterminate life sentence. *People v. Johnson*, 61 Cal. 4th 674, 681 (2015). In addition, the Reform Act contains a resentencing provision which provides that "[a]ny person currently serving an indeterminate term of life imprisonment [under the prior three strikes law] upon conviction . . . of a felony or felonies that are not . . . serious and/or violent, may file a petition for a recall of sentence . . ." Cal. Penal Code § 1170.126(b). The resentencing provision applies exclusively to those who are currently serving an indeterminate life sentence under the former three strikes law whose sentence under the Reform Act would not have been an indeterminate sentence, i.e. those who are currently serving an indeterminate life sentence for current offenses that are neither serious nor violent felonies. § 1170.126(b). An inmate is disqualified from resentencing eligibility if he or she has any prior convictions for certain offenses. § 1170.126(e)(3). The disqualifying offense relevant to this case is California Penal Code ("Penal Code") section 191.5(b). If an inmate has a prior conviction under section 191.5(b), then he or she is disqualified from resentencing eligibility. *See* § 1170.126(e)(3) (referencing Cal. Penal Code § 667(e)(2)(C)(iv) and Cal. Penal Code § 1170.12(c)(2)(C)(iv)).

### B. Petitioner's Strike Priors

In October of 1986, Petitioner was driving while under the influence of alcohol, marijuana, and methamphetamine. Lodgment No. 2, Dkt. No. 12-2 at 30. He swerved over a center divide and hit a car head-on, killing the driver and two other passengers. *Id.*

On October 30, 1987, Petitioner pleaded guilty to three counts of vehicular homicide while intoxicated but without gross negligence. Dkt. No. 1 at 44-46. In the plea agreement, the state court designated this offense as a violation of Penal Code section 192(c)(4) in 1987. *See id.* at 45-46.

### C. Offenses for Which Petitioner is Currently Serving an Indeterminate Life Sentence Under the Three Strikes Law

In 2005, Petitioner pleaded guilty to driving under the influence with a prior vehicular manslaughter conviction in violation of California Vehicle Code sections 23152(a), 23626, 23540, and failure to appear while on bail in violation of Penal Code section 1320.5. Lodgment No. 6, Dkt. No. 12-6 at 2. Petitioner received 25 years to life for each offense, for a total of 50 years to life. *Id.*

## II. PROCEDURAL BACKGROUND

On March 25, 2013, Petitioner filed a Petition for a Recall of Sentence pursuant to the Reform Act arguing he was eligible for resentencing. Lodgment No. 2, Dkt. No. 12-2 at 11-12. On February 19, 2014, the People of the State of California filed an Opposition. *Id.* at 13. The People argued that while Petitioner was eligible for resentencing under the Reform Act, he should not be resentenced because he remained an unreasonable threat to the public safety. *Id.* On February 20, 2014, the state trial court held an eligibility hearing after which it denied Petitioner's eligibility, finding that his 1987 strike priors under section 192(c)(4) were the same as disqualifying offense section 191.5(b). *Id.* at 23; Lodgment No. 1, Dkt. No. 12-1 at 1-2. At the hearing, Petitioner's counsel did not argue that Petitioner was eligible for resentencing, but rather stated, "We [the defense] would submit to the Court on this issue." *Id.* On the same day, Petitioner filed a notice of appeal. Lodgment No. 1, Dkt. No. 12-1 at 1-2.

On September 30, 2014, Petitioner filed an Opening Brief in the California Court of Appeal, in which he argued: (1) he was eligible for resentencing because former Penal Code section 192(c)(4) is neither a violent nor a serious offense; and (2) defense

counsel's failure to argue at the hearing that Petitioner was eligible for resentencing violated Petitioner's Sixth Amendment right to counsel. Lodgment No. 3, Dkt. No. 12-3 at 12-33. On February 6, 2015, Respondent filed a Brief in which he argued that Petitioner is not eligible for resentencing because: (1) the 1987 version of section 192(c)(4) is the same as current section 191.5(b) and thus Petitioner's 1987 convictions disqualify him from resentencing eligibility; (2) Petitioner's 1987 strike priors are serious felonies; and (3) Petitioner was not deprived of his right to effective assistance of counsel. Lodgment No. 4, Dkt. No. 12-4 at 9-15. On February 19, 2015, Petitioner filed a Reply Brief in which he argued his 1987 convictions were not serious as defined by section 1170.126. Lodgment No. 5, Dkt. No. 12-5 at 5-14. On April 22, 2015, the California Court of Appeal held that Petitioner was ineligible for resentencing because the 1987 version of section 192(c)(4) is the same as current section 191.5(b) and thus Petitioner was convicted under a disqualifying offense. Lodgment No. 6, Dkt. No. 12-6 at 5-6. The court also found that Petitioner's 1987 convictions were serious and that he should not be able to challenge their nature now because he admitted they were serious in his 2005 plea agreement. *Id.*

On May 1, 2015, Petitioner filed a Petition for a Rehearing, arguing: (1) the nature of his strike priors was not settled at the time of the original sentencing for purposes of section 1170.126 resentencing; and (2) the court's interpretation of sections 667(e)(2)(C)(iv) and 1170.12(c)(2)(C)(iv) was overly broad. Lodgment No. 7, Dkt. No. 12-7 at 6-11. On May 11, 2015, the court of appeal summarily denied the Petition for a Rehearing. Lodgment No. 8, Dkt. No. 12-8.

On May 25, 2015, Petitioner filed a Petition for Review in the California Supreme Court, in which he argued: (1) the court should grant his petition and hold judgment until it decides two relevant cases;[3] (2) Petitioner's prior strikes were not serious and/or

---

[3] The cases were *People v. Johnson*, 61 Cal. 4th 674 (2015) and *Braziel v. Superior Court*, 225 Cal. App. 4th 933 (2014).

violent, and thus he was improperly denied resentencing eligibility; and (3) Petitioner's counsel at the eligibility hearing was ineffective. Lodgment No. 9, Dkt. No. 12-9 at 11-43. On July 8, 2015, the court summarily denied the Petition for Review. Lodgment No. 10, Dkt. No. 12-10.

On January 22, 2016, Petitioner filed his First Amended Petition for a Writ of Habeas Corpus in this Court, arguing: (1) former section 192(c)(4) is not the same as current § 191.5, and to treat them the same would violate his due process rights; (2) the state court violated his plea agreement because the plea agreement did not designate his 1987 offenses as serious and/or violent; (3) the state court violated *Brady v. Maryland*, 373 U.S. 82 (1963) by failing to include the plea agreement in the clerk's transcript; (4) Petitioner's 1987 strike priors are neither serious nor violent; (5) the three strikes law statutes defining "serious" and "violent" felonies are unconstitutionally vague; (6) Respondent should be estopped from arguing Petitioner's 1987 strike priors are serious and/or violent; and (7) counsel's failure to argue at the eligibility hearing that Petitioner was eligible for resentencing violated Petitioner's Sixth Amendment right to counsel. Dkt. No. 7.

On March 17, 2016, Respondent filed an Answer, arguing: (1) Petitioner makes state law claims for which no federal habeas relief can be granted; and (2) counsel was not ineffective. *See* Dkt. No. 11 at 4-6. On April 25, 2016, Petitioner filed a Traverse, in which he reargued the grounds set forth in his Petition. Dkt. No. 16.

On December 12, 2016, Magistrate Judge Jill Burkhardt issued a Report and Recommendation recommending that this Court deny the Petition for Writ of Habeas Corpus. Dkt. No. 17.

### III. STANDARD OF REVIEW

#### A. Review of Magistrate Judge's Report and Recommendation

District Court judges must review *de novo* any part of a magistrate judge's report

and recommendation that has been objected to. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court may "accept, reject, or modify" the recommendation in whole or in part, receive more evidence, or return it to the magistrate judge with instructions. *Id. De novo* review is only required when an objection is made to the report and recommendation. *Wang v. Masaitis,* 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (*en banc*). In this case, Petitioner did not file an objection.

### B. Review of Habeas Petition

This petition is governed by the rules set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 322 (1997). Under AEDPA, a federal court may not grant a habeas petition with respect to any claim that was adjudicated on the merits in state court unless that adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law . . . ; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding." 28 U.S.C. §§ 2254(d)(1)-(2). Clearly established federal law refers to the governing legal principles set forth by the Supreme Court at the time the decision was rendered. *Lockyer v. Andrade*, 538 U.S. 67, 71-72 (2003).

The court may grant relief under the "contrary to" clause if the state court: (1) applied a rule that contradicts governing law set forth by the Supreme Court; or (2) decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). The court may grant relief under the "unreasonable application" clause if the state court correctly identified the legal principle but unreasonably applied it to the facts of the case or unreasonably extends a legal principle to a new context where it should not apply. *Williams*, 529 U.S. at 407. The focus in the unreasonable application approach is not whether the application was merely incorrect, but whether it was

6

objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003); *see Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (holding that a federal habeas court may not issue a writ of habeas corpus simply because it concludes the state court applied the law incorrectly). If fair-minded jurists could disagree as to whether the decision was reasonable, it is not objectively unreasonable, and this Court cannot grant relief. *Harrington v. Richter*, 562 U.S. 86, 87-88 (2011).

Federal habeas courts base their reasoning on the analysis of the highest state court to furnish an explanation for its judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991). When the state's highest court does not provide a reasoning for its judgment, the federal court "looks through" the unreasoned judgment to the last reasoned state court decision. *Id.*

## IV. DISCUSSION

Petitioner argues: (1) former section 192(c)(4) is not the same as current § 191.5, and to treat them the same would violate his due process rights; (2) the state court violated his plea agreement because the plea agreement did not designate his 1987 offenses as serious and/or violent; (3) the state court violated *Brady v. Maryland*, 373 U.S. 82 (1963) by failing to include the plea agreement in the clerk's transcript; (4) Petitioner's 1987 strike priors are neither serious nor violent; (5) the three strikes law statutes defining "serious" and "violent" felonies are unconstitutionally vague; (6) Respondent should be estopped from arguing Petitioner's 1987 strike priors are serious and/or violent; and (7) counsel's failure to argue at the eligibility hearing that Petitioner was eligible for resentencing violated Petitioner's Sixth Amendment right to counsel. Dkt. No. 7. Each of these arguments hinges on the contention that Petitioner's 1987 strike priors are not the same as disqualifying offense section 191.5.

Respondent claims that Petitioner raises state law arguments that are not cognizable on federal habeas review. Dkt. No. 11 at 4-6. Respondent also contends that Petitioner's counsel at the eligibility hearing was not ineffective because the decision not

7

3:15-cv-02875-GPC-JLB

to argue at the hearing was reasonable, and even if it was not reasonable, it did not prejudice Petitioner because relief would not have been granted even if counsel had argued for Petitioner's eligibility. *Id.* at 5-6.

### A. Due Process Claim

#### 1. Not Exhausted

Even if the state court made an error for which habeas relief could be granted, this Court could not grant relief because Petitioner did not raise this argument in the state supreme court. *See* Lodgment No. 9, Dkt. No. 12-9. Habeas petitioners who wish to challenge their state court convictions must first exhaust state judicial remedies. *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); 28 U.S.C. §§ 2254(b), (c). To satisfy the exhaustion requirement, a petitioner ordinarily must "fairly present his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate that no state remedy remains available." *Johnson v. Zenon*, 88 F. 3d 828, 829 (9th Cir. 1996). Even if a claim is not exhausted, a habeas court may nevertheless deny the petition if it is "perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005); *see also* 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.") It would be futile to send a petitioner back to state court to exhaust claims that "clearly do not rise to the level of alleged deprivation of constitutional rights" and that may be denied summarily on their merits. *Acosta-Huerta v. Estelle*, 7 F.3d 139, 142 (9th Cir. 1992).

While Petitioner's claim that his 1987 strike priors are not the same as section 191.5(b) has not been exhausted, this Court nevertheless rejects this ground of the Petition because it does not present "even a colorable federal claim" for the reasons discussed below. *See Cassett*, 406 F.3d at 623-24.

#### 2. Not Cognizable

A federal habeas court may only entertain an application for a writ of habeas

8

corpus from a state prisoner if his custody is in violation of the Constitution or the laws of the United States. 28 U.S.C. § 2254(a). Federal habeas relief is not available for alleged errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also* 28 U.S.C. § 2254(a). A challenge to a state court's application of state sentencing laws is a question of state law and not subject to federal habeas review. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (claim that offense did not constitute a "serious felony" held not to be cognizable on federal habeas review because it "is a question of state sentencing law"). A cognizable federal habeas claim arises when the state court's ruling is "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (quoting *Lewis*, 497 U.S. at 780). "To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show both state sentencing error and that the error was 'so arbitrary or capricious as to constitute an independent due process' violation." *Johnson v. Davis*, No. CV 14-306-JVS (MAN), 2014 WL 2586883, at *3 (C.D. Cal. June 9, 2014) (citing *Richmond*, 506 U.S. at 50).

Moreover, a litigant "cannot transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (1996); *Lacy v. Lewis*, 123 F. Supp. 2d 533, 551 (C.D. Cal. 2000) ("Merely adding the phrase 'due process' to state law claims does not transform those claims into federal claims; rather, they remain state law claims 'dressed up' as federal due process claims")).

Here, while cloaked in language such as "due process", Petitioner's claim is essentially a challenge to the state court's application of its sentencing laws and is barred on habeas review. However, even if the Court were to consider the issue, it concludes that Petitioner's understanding of the court of appeal's ruling is misplaced.

The court of appeal first noted that the parties agreed that section 192(c)(4) was renumbered as section 191.5(b) after 1987. Lodgment No. 6, Dkt. No. 12-6 at 4. It held that the trial court correctly denied the petition because the language of section

1170.126(e)(3) is "absolutely clear", and inmates convicted under section 191.5 are not eligible for resentencing. *Id.* at 5. In his challenge to the state court's denial of his recall petition, Petitioner mistakenly argues that his conviction under section 192(c)(4) is not the same as current section 191.5(b) which is the basis of the state court's denial of his petition for recall.

According to the plea agreement, Petitioner was convicted under section 192(c)(4) in 1987. This Court notes that in 1987, the year Petitioner was convicted, there was no section 192(c)(4). The Court notes that in 1986, the year Petitioner was arrested and charged, a 192(c)(4) did exist. It appears that the state intended to convict Petitioner under the 1986 version of section 192(c)(4),[4] which appeared as follows:

> Driving a vehicle in violation of Section 23152 or 23153 of the vehicle code and in the commission of an unlawful act, not amounting to felony, but without gross negligence; or driving a vehicle in violation of Section 23152 or 23153 or the Vehicle Code and in the commission of a lawful act which might produce death, in an unlawful manner, but without gross negligence.

Cal. Penal Code § 192(c)(3) (West 1987); Cal. Penal Code § 192(c)(4) (1986)

The current section 191.5(b) appears as follows:

> Vehicular manslaughter while intoxicated is the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of Section 23140, 23152, or 23153 of the Vehicle Code, and the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, but without gross negligence, or the

---

[4] It is apparent that the state intended to convict Petitioner of the 1986 section 192(c)(4) because the offense to which Petitioner pleaded guilty—vehicular manslaughter while intoxicated without gross negligence—was renumbered from section 192(c)(4) in the year that he was charged (1986) to section 192(c)(3) in the year that he was convicted (1987). Further, the 1986 version of section 192(c)(3) was vehicular manslaughter *with* gross negligence. This explains why the plea agreement has a provision that states "People to reduce counts one two and three from PC 192(c)(3) to PC 192(c)(4)." Dkt. No. 7 at 47. It appears the intention of the agreement was to reduce Petitioner's convictions from vehicular manslaughter while intoxicated *with* gross negligence to vehicular manslaughter while intoxicated *without* gross negligence. Accordingly, the plea agreement suggests the state believed it was convicting Petitioner under the 1986 version of section 192(c)(4).

10

> proximate result of the commission of a lawful act that might produce death, in an unlawful manner, but without gross negligence.

Cal. Penal Code § 191.5(b)

Petitioner's 1987 convictions are the same as the current disqualifying offense section 191.5(b). "Effective January 1, 2007, the offense formerly specified in section 192, subdivision (c)(3), vehicular manslaughter while intoxicated, was replaced by section 191.5, subdivision (b)." *People v. Binkerd*, 155 Cal. App. 4th 1143, 1143 n.1 (2007). Further, each of the statutes has all of the same elements. In relevant part, the elements are: (1) driving a vehicle while intoxicated; (2) in the commission of an unlawful act, not amounting to a felony; and (3) without gross negligence. While it appears that section 191.5(b) added a proximate cause requirement, there was also a proximate cause requirement in the 1986 and 1987 versions of section 192. The only difference is that the proximate cause requirement in the prior statutes was written in a separate paragraph as an additional requirement for all of the subsections of section 192,[5] as opposed to appearing in the body of the subsection, as it appears in current section 191.5(b). Accordingly, Petitioner's prior conviction is the same as the excludable offense section 191.5(b), and Petitioner is disqualified from resentencing.

Here, the California court of appeal found that Petitioner was ineligible for resentencing because his 1987 strike priors were disqualifying offenses under the Reform Act. Lodgment No. 6, Dkt. No. 12-6 at 5-6. The Court is bound by the state court's determination. A "state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). "Because petitioner was not

---

[5] The paragraph that added the proximate cause requirement in 1986 and 1987 appeared at the end of the statute, not included in any subsection, and stated, "This section shall not be construed as making any homicide in the driving of a vehicle punishable which is not a proximate result of the commission of an unlawful act, not amounting to a felony, or the commission of a lawful act which might produce death, in an unlawful manner." Cal. Penal Code § 192 (1986); Cal. Penal Code § 192 (1987).

entitled to re-sentencing under state law, the failure to grant him such relief could not have deprived him of any federally protected right." *Tuggle v. Perez*, No. 14cv1680 KJM CKD P (TEMP), 2016 WL 1377790, at *7 (E.D. Cal. Apr. 7, 2016) (citing *Johnson v. Spearman*, No. CV 13-3021 JVS AJW, 2013 WL 3053043, at *3 (C.D. Cal. June 10, 2013) (concluding that because the petitioner was not entitled to resentencing under section 1170.126 under state law, the state court's denial of his petition to recall his sentence could not have deprived him of any federally protected right)); *see also Olivarez v. Lizarraga*, Case No. CV 01354 JLO MJS (HC) 2015 WL 521431, at *3 (E.D. Cal. 2015) (citing cases and noting that "no federal court addressing this issue has found federal challenges to the Three Strikes Reform Act cognizable in federal habeas.")

In conclusion, Petitioner has not demonstrated a sentencing error nor has he alleged or demonstrated that the state court's ruling was so arbitrary or capricious as to constitute a due process violation. *See Johnson*, 2014 WL 2586883, at *3 (citing *Richmond*, 506 U.S. at 50). This claim is accordingly not cognizable and must be dismissed. *See id.*

### B. Breach of 1987 Plea Agreement

Petitioner argues that his 1987 plea agreement was breached because the plea agreement stated he plead to the lesser offense of section 192(c)(4) instead of 192(c)(3) and at the resentencing hearing the prosecution sought to relitigate his prior plea agreement arguing that Petitioner was convicted of section 192(c)(3) which was renumbered and the same as the disqualifying offense of section 191.5(b). Dkt. No. 7 at 19-21. He also argues the state court failed to ensure he received the benefit of the bargain by allowing the prosecution to breach the terms of the plea agreement. *Id.* at 22-23. Finally, he argues the plea agreement was breached because he was not informed that his convictions were serious or violent, and they were later used as serious or violent for sentencing purposes under the three strikes law. *Id.* at 24. This claim is not exhausted because it does not appear in the Petition for Review to the state supreme court. *See*

12

Lodgment No. 9, Dkt. No. 12-9. This Court will nonetheless dismiss because this claim does not raise "even a colorable federal claim." *See Cassett,* 406 F.3d at 623-24.

"Plea agreements are contractual in nature and are measured by contract law standards." *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993). The Due Process Clause confers on a defendant the right to enforce the terms of a plea agreement. *Brown v. Poole*, 337 F.3d 1155, 1159 (9th Cir. 1993). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). Moreover, courts are not required to inform a defendant of the collateral consequences of a guilty plea. *Torrey v. Estelle*, 842 F.2d 234, 235 (9th Cir. 1998). The possibility of an enhanced sentence in a future case is a collateral consequence of which a defendant need not be advised for a valid guilty plea. *People v. Crosby*, 3 Cal. App. 4th 1352, 1354-55 (1992). "A defendant's ignorance of collateral consequences does not deprive a guilty plea of its voluntary character." *United States v. Brownlie*, 915 F.2d 527, 528 (9th Cir. 1990).

Here, Petitioner's 1987 plea agreement was not breached based on a misunderstanding that he pleaded to a lesser offense of section 192(c)(4) because, as discussed above, section 192(c)(4) in 1986 is the same as current disqualifying offense section 191.5(b). Next, Petitioner has not established that the plea agreement included a promise by the prosecution not to use the convictions as serious or violent felonies. While the plea agreement did not include any indication that the convictions could be used as serious or violent, there is also no indication that the state affirmatively agreed or promised not to designate Petitioner's 1987 convictions as serious and/or violent felonies for purposes of the three strikes law. Moreover, that the convictions were strikes was a collateral consequence of which the state court had no obligation to inform Petitioner. Petitioner does not state a colorable federal claim here, and the claim is dismissed. *See Cassett*, 406 F.3d at 623-24.

13

### C. No *Brady* Violation

Petitioner does not state a cognizable due process claim with regard to the plea agreement's exclusion from the clerk's transcript at the resentencing eligibility hearing. Because Petitioner cites *Brady v. Maryland*, 373 U.S. 83 (1963) when arguing that exclusion of the plea agreement violated his due process rights and characterizes it as exclusion of helpful evidence, this Court construes Petitioner's argument to refer to a due process violation under *Brady*. *See Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1139 (9th Cir. 2013) (holding that *pro se* complaints must be "liberally construed"). Under *Brady*, suppression of evidence favorable to an accused violates due process. *Brady*, 373 U.S. 83 at 87.

Here, there is no *Brady* violation because the plea agreement was not favorable evidence. Petitioner's argument regarding the plea agreement rests on the contention that because he pleaded guilty to section 192(c)(4), he did not plead guilty to section 192(c)(3) and thus his 1987 conviction was not the same as section 191.5(b). As discussed above, this argument fails because the offense to which Petitioner pleaded guilty, section 192(c)(4) in 1986, is the same as current disqualifying offense section 191.5(b). The mistake on the plea agreement was one of numbering, but the actual elements of the crime on the plea agreement were clear, and they were the same elements of the crime currently listed under disqualifying offense section 191.5(b). The information included in the plea agreement accordingly would not have been beneficial to Petitioner had it been included in the clerk's transcript at the eligibility hearing. Further, even if the plea agreement had been favorable, it was not suppressed or hidden. Each side at the trial level acknowledged that Petitioner had pled guilty to section 192(c)(4). Each side was in agreement that Petitioner had pled guilty to vehicular manslaughter while intoxicated without gross negligence, current section 191.5(b), including Petitioner himself. *See, e.g.*, Dkt. No. 7 at 48; *see also* Lodgment No. 2, Dkt. No. 12-2 at 14. The prosecution did not argue that Petitioner pled guilty to a crime more serious than the one

to which he pled, and the prosecution did not attempt to hide that he pled guilty to a less serious crime that was not the same as the excludable offense. The failure to include the plea agreement in the clerk's transcript at the hearing cannot be characterized as suppression of evidence. Petitioner's argument accordingly does not rise to a colorable due process claim for the suppression of evidence under *Brady*, and this claim is dismissed.

### D. Nature of Petitioner's Strike Priors

Petitioner makes various arguments that his 1987 strike priors are not serious and/or violent. While the nature of Petitioner's strike priors was relevant for purposes of initial sentencing, here, for purposes of resentencing, it is not up for review. Under the Reform Act, an inmate is eligible for resentencing if: (1) he or she is currently serving an indeterminate life sentence pursuant to the prior three strikes law for a felony that was neither serious nor violent; (2) the inmate's current sentence is not being served for certain violations;[6] and (3) the inmate does not have any prior convictions under certain statutes, including section 191.5. Cal. Penal Code § 1170.126(e)(1)-(3). The resentencing court addresses only[7] these three factors in determining whether an inmate should be resentenced, and nothing in the provisions of the Reform Act suggests that the nature of strike priors has any bearing on resentencing eligibility at the resentencing stage. Moreover, as the state court of appeal noted, Petitioner is disqualified from resentencing because his 1987 strike priors are the same as disqualifying offense section 191.5. Accordingly, any argument Petitioner makes about the nature of his 1987 strike priors has no bearing on his resentencing eligibility.

---

[6] These include violations of Penal Code sections 667(e)(2)(C)(i)-(iii) and 1170.12(c)(2)(C)(i)-(iii). Petitioner's current offenses are not listed in either of these statutes.

[7] After a resentencing court has decided a petitioner is eligible for resentencing, it may also consider whether an inmate remains an unreasonable risk of danger to the public. Cal. Penal Code § 1170.126(f).

Even if the nature of Petitioner's 1987 strike priors had any bearing on his resentencing eligibility, this claim is not cognizable on federal habeas review. A federal habeas court may only entertain an application for a writ of habeas corpus from a state prisoner if his custody is in violation of the Constitution or the laws of the United States. 28 U.S.C. § 2254(a). Federal habeas relief is not available for alleged errors of state law. *Estelle*, 502 U.S. at 67-68; *see also* 28 U.S.C. § 2254(a). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian*, 41 F.3d at 469; *see also Spencer*, 385 U.S. at 563-64 ("Cases in this court have long proceeded on the premise that the Due Process clause guarantees the fundamental elements of fairness in a criminal trial").

Here, Petitioner's arguments concerning the nature of his 1987 strike priors involves application and interpretation of the Reform Act, which is a California state sentencing law. Further, any alleged error in applying the law did not render the trial fundamentally unfair because Petitioner is not eligible for resentencing irrespective of the nature of his 1987 strike priors. *See Tuggle*, 2016 WL 1377790, at *7 (citing *Johnson*, 2013 WL 3053043, at *3 (concluding that because the petitioner was not entitled to resentencing under section 1170.126 under state law, the state court's denial of his petition to recall his sentence could not have deprived him of any federally protected right)). This Court would be barred from addressing these claims even if the nature of Petitioner's strike priors had any bearing on his eligibility. *See Christian*, 41 F.3d at 469.

### E. Vagueness

Petitioner claims that the "vague and sweeping" language used in the definitions of serious and violent crimes under the Reform Act creates different classes of people who receive different punishments for the same crimes.[8] Dkt. No. 7 at 29. This claim is not

---

[8] Petitioner also alleges an equal protection claim in the vagueness argument. However, Petitioner does not state a valid equal protection claim because he has not established he is a member of a protected

exhausted, as it was not raised in the California Supreme Court. *See* Lodgment No. 9, Dkt. No 12-9. This Court nevertheless dismisses this claim because it does not "raise even a colorable federal claim." *See Cassett*, 406 F.3d at 623-24.

The definitions of serious and violent are not applicable here to Petitioner's case because, as discussed above, the serious or violent nature of Petitioner's 1987 strike priors have no bearing on resentencing eligibility, and the state court found he was disqualified from resentencing regardless of whether his 1987 strike priors are serious or violent.

### F. Estoppel[9]

Judicial estoppel is an equitable doctrine invoked by the court at its discretion. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). For a court to apply judicial estoppel, a party's later position must be clearly inconsistent with an earlier position. *Id.* Another consideration is whether the party asserting the opposing position would receive an unfair advantage if not estopped. *Id.* at 751.

This claim was raised before the California Supreme Court and was summarily denied. Lodgment No. 9, Dkt. No. 12-9 at 60-62; Lodgment No. 10, Dkt. No. 12-10. Therefore, the Court conducts *de novo* review of the record. *See Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002) (holding that when a state appellate court does not reach the merits of a claim, the federal habeas court must review that claim *de novo*).

Here, Petitioner argues that Respondent should be estopped from arguing his 1987 strike priors are serious and/or violent for purposes of three strikes resentencing. As noted, the nature of Petitioner's strike priors has no bearing on his eligibility for

---

class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("To state a claim . . . for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."). Therefore, the Court denies his claim for an equal protection violation.

[9] While it is unclear to this Court which arguments Petitioner hopes to estop, this Court construes the Petition to argue that Respondent cannot now take the position that Petitioner's strike priors are serious and/or violent. *See Tritz*, 721 F. 3d at 1139 (holding that *pro se* complaints must be liberally construed).

17

resentencing because they are disqualifying offenses, regardless of whether they were serious and/or violent. Even if estoppel were applicable here and Respondent were estopped from arguing that Petitioner's strike priors are serious and/or violent, the outcome would be the same and Petitioner would not be eligible for resentencing. Respondent would not receive an unfair advantage here if not estopped. The estoppel claims is without merit and is accordingly dismissed.

### G. Ineffective Assistance of Counsel

Petitioner claims that his counsel's failure to argue at the eligibility hearing that Petitioner was eligible for resentencing violated his Sixth Amendment right to counsel. Because the state appellate court did not reach the merits of this claim, this Court must review the claim *de novo*. *See Pirtle*, 313 F.3d at 1167 (9th Cir. 2002) (holding that when a state appellate court does not reach the merits of a claim, the federal habeas court must review that claim *de novo*).

Under clearly established federal law, there are two components of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id.* The petitioner must first identify the allegedly unreasonable acts or omissions of counsel, and the court must then determine whether the conduct fell outside the wide range of professionally competent assistance. *Id.* at 690. The Court should keep in mind that the function of counsel is to make the adversarial process work. *Id.* The Court should also give a high degree of deference to counsel's actions and presume they were reasonable. *Id.* at 681. Second, the defendant must prove the deficient performance prejudiced the defense, i.e. that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding may have been different." *Id.* at 687, 694. Failure to take a futile action does not constitute ineffective assistance of counsel. *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996).

At the hearing, counsel failed to argue that Petitioner was eligible for resentencing. *See* Lodgment No. 1, Dkt. No. 12-1 at 4. Rather, she stated "We [the defense] would submit to the Court on this issue." *Id.* This failure to make a single argument at a hearing may have failed to "make the adversarial process work," because the court heard arguments from one side and not the other. However, because Petitioner's 1987 strike priors disqualify him from resentencing eligibility, any argument that counsel could have made would have been futile. But for counsel's failure to argue Petitioner was eligible for resentencing, the outcome would have been the same and Petitioner would have been deemed ineligible for resentencing. Petitioner accordingly does not demonstrate that any failure to argue at the hearing prejudiced the defense. His ineffective assistance claim is accordingly meritless and is dismissed.

### V. Certificate of Appealability

Under Rule 11 of the Federal Rules Governing section 2254 cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If this Court does not issue a certificate of appealability, this decision may not be appealed, 28 U.S.C. § 2253(c)(1)(A), and this Court may not issue a certificate of appealability unless Petitioner makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(1)(B)(2). To prove a substantial showing of denial of a constitutional right, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDonald*, 529 U.S. 473, 484 (2000).

Here, Petitioner does not make a substantial showing of the denial of a constitutional right, and it is unlikely that reasonable jurists would find this Court's assessment debatable or wrong. Accordingly, this Court **DENIES** a certificate of appealability.

/ / / /

/ / / /

## CONCLUSION

For the foregoing reasons, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **DENIES** the Petition for a Writ of Habeas Corpus, and **DENIES** a Certificate of Appealability.

**IT IS SO ORDERED.**

Dated: July 30, 2018

Hon. Gonzalo P. Curiel
United States District Judge